**PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 60–285.**

United States District Court
D. Oregon.

Nov. 14, 1963.

---

Alfred H. Stoloff and C. D. Phillips, Phillips, Coughlin, Buell & Phillips, Portland, Or., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Jerome Fink, Dale E. Anderson, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, Acting U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

Since the submission of this cause following hearing and briefs, there has been an exchange of correspondence among court and counsel indicating that the parties, upon final adjudication of Civil No. 9657, have resolved all of the issues tendered by the contentions in the pretrial order herein, except, and leaving for the Court's determination, these two issues or questions:

1) May PGE's estimated costs of removal be deducted from anticipated salvage where the result is negative net salvage?

2) Whether plaintiff may depreciate, after 1953 acquired property by the sum of the years digit method, using the unit summation procedure developed by PGE?

## ISSUE 1.

I am satisfied that PGE's use of "negative net salvage" (i. e., estimated charges for removal exceed estimated salvage), when past experience with factors of removal in similar accounts of property substantiate the reasonableness of the charged cost of removal, is factual, realistic, and therefore reasonable, and hence any objection on the part of the Commissioner to the method per se would be arbitrary and unreasonable.

## ISSUE 2.

The "useful life of the plant" yardstick theory of congressional intent was given to us by Mr. Justice Brandeis in United States v. Ludey, 274 U.S. 295, 300–301, 47 S.Ct. 608, 71 L.Ed. 1054, and he teaches that the annual reasonable allowance for depreciation "is the sum which should be set aside for the taxable year, in order that, at the end of *the useful life of the plant in the business* [italics supplied], the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost."

■ It follows, and I conclude, that the reasonable "useful life of the plant" or of any given grouping of similar property, should be developed and ascertained upon facts and information gained from past experience within the business utilizing the property, and not from "information substantially gained from extrinsic experience and evidence." Portland General Electric Co. v. United States, 189 F.Supp. 290, 296, 297 (D.Or. 1960), Civ. # 9657.

It was determined in Civ. # 9657 that PGE had over the past twenty years developed a procedure of determining the "useful lives" of various classifications or groups of its properties, referred to as the "unit summation procedure." This procedure was fully analyzed and explained in the Court's decision, 189 F. Supp. at 296. Long-time experiences had proven the practicability and reliability of the procedure, and the system had been approved by state and federal utility-regulating agencies as being factual and realistically based upon experience. This Court determined that PGE's "unit summation procedure" was a fair and reasonable procedure to follow in determining the "useful lives" of groups of its property for income tax depreciation allowance purposes. And, further, that it was reasonable and proper for PGE to use the useful lives of its properties so developed in accordance with "the straight line method" of computing a consistent annual "reasonable allowance" for income tax depreciation allowance purposes.

(I.R.C.1954) Title 26 U.S.C.A. § 167 (b) (1) and (3) provide for:

1. The straight line method, or

3. The sum of the years—digits method

as permissible methods to compute consistent annual "reasonable allowance" for depreciation tax deduction purposes.

We will recall that the "unit summation procedure" utilized by PGE and approved by the Court in Civil # 9657 for 1953 and prior years depreciation allowances was developed from the 1938 studies of PGE's groups of properties, applied in light of subsequent years' experience within the business. It appears from the evidence here that for PGE's properties acquired after December 31, 1953, PGE used this same procedure, as realistically refined and advanced through subsequent (ante-1939) studies, techniques and actual experience within the business. Useful lives of property, determined upon actual experience and expertise of engineers "within the business utilizing it" (189 F.Supp. at 294) is the epitome of the ascertainable fact—reasonable useful lives.

■ So, I conclude again that the unit summation procedure used by PGE in developing the useful lives of the groups of its properties acquired after 1953 was a fair and reasonable procedure, and that the Commissioner's disallowance thereof and substitution of his "average life" procedure is unreasonable and arbitrary.

■ Section 167 provides that either

1. The straight line method, or

2. The sum of the years—digits method

is a proper consistent plan or method to adopt in computing the annual "reasonable allowance" for depreciation of the property over the years of its "useful life," as reasonably and lawfully developed. PGE used reasonable and lawful useful lives of its properties, developed under its "unit summation procedure" and then elected to use the "sum of the years—digits method" in computing the annual "reasonable allowance" for the year 1954 rather than the "straight line method" used in prior years—this was its right, and for the Commissioner to reject it and assert otherwise is unreasonable and arbitrary.

This memorandum decision deals with the issues deemed by the Court to be left unsettled between the parties in the cause, as outlined in the letters of Mr. Alfred H. Stoloff, of counsel for plaintiff, to the Court under dates of December 14, 1962 and March 28, 1963, and the letter of Mr. Edward S. Smith to

the Court dated January 15, 1963. Should other issues remain unadjudicated by this memorandum, either party may apply to the Court within 30 days. Otherwise, counsel for plaintiff may submit proposed findings, conclusions and judgment. Monday, December 23, 1963, at 10:00 o'clock A.M. is set for the time of settlement of such proposals submitted.